**CHATTEM CHEMICALS, INC.,**

v.

**AKZO NOBEL CHEMICALS
B.V., et al.**

No. CIV.A. 02–746–B–M2.

United States District Court,
M.D. Louisiana.

Oct. 24, 2002.

Darnell Bludworth, James M. Garner, Peter L. Hilbert, Jr., Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, LLC, New Orleans, LA, Murray J. Laulicht, Janet R. Bosi, Pitney, Hardin, Kipp & Szuch, Morristown, NJ, for Plaintiff.

Mark Raymond Beebe, Adams & Reese, LLP, New Orleans, LA, Eddy Manuel Quijano, Amy Collier Lambert, Adams & Reese, Baton Rouge, LA, Daniel G. Swanson, Gibson, Dunn & Crutcher LLP, Los Angeles, CA, D. Jarrett Arp, Gibson, Dunn & Crutcher LLP, Washington, DC, Davis Bradford Allgood, Ryan Estes Johnson, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, for Defendants.

### *RULING*

POLOZOLA, Chief Judge.

This matter is before the court on defendants' ATOFINA S.A. and Elf Atochem S.A. Motion to Dismiss or in the Alternative to Quash Service of Plaintiff's Complaint.[1] For the reasons which follow, the motions are denied.

### I. *Hague Convention Procedures*

Defendants argue that the service made on them under Article 10(a) of the Hague Convention[2] is not proper primarily be-

---

1. Rec. Doc. No. 9

2. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Docu-

ments in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.

cause of the language in the article using the word "send"[3] instead of the word "serve." Defendant's argument is without merit.

Supreme Court jurisprudence favors the liberal interpretation of treaties.[4] One of the main purposes of the Hague Convention was "to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." (emphasis added).[5] The Court, having reviewed conflicting authorities, finds that service made pursuant to Article 10(a) comports with the purpose, meaning and intent of the Hague Convention. Furthermore, there is no controlling Fifth Circuit authority holding that Article 10(a) cannot be used to provide service of process.

The Court's ruling is consistent with other district courts in the Fifth Circuit that have allowed service under Article 10(a).[6] Some of these courts reason that the placement of only one provision dealing with nonservice documents among fifteen articles dealing with service of process would vary from the structure of the entire Hague Convention.[7]

Recently, several district courts in this Circuit have agreed with a report of a special convention of experts from ratifying nations convened to give guidance to Hague Convention operations. Those experts noted that Article 10(a) offered states that ratified the treaty a chance to reject the article as an infringement on their sovereignty.[8] This reasoning is based on Article 21 of the Hague Convention, which states in pertinent part, "[e]ach contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following ... (a) opposition to

3. Article 10(a) of the Hague Convention provides, "[p]rovided the State of destination does not object, the present Convention shall not interfere with-(a) the freedom to send judicial documents, by postal channels, directly to persons abroad."

4. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 700, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988).("Treaties are construed more liberally than private agreements, and to ascertain their meaning we may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties.")

5. Preamble to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, supra.

6. *Brown v. Bandai,* 2002 WL 1285265 (N.D.Tex.2002); *Nuovo Pignone SPA v. M/V Storman Asia,* 167 F.Supp.2d 911 (E.D.La. 2001); *Friede & Goldman, Ltd. v. Gotaverken Arendal Consultants,* 2000 WL 690271 (E.D.La.2000); *Lafarge Corp. v. M/V Macedonia Hellas,* 2000 WL 687708 (E.D.La.2000).

7. *Brown,* supra, 2002 WL 1285265 at *4 (citing *Paradigm Entertainment, Inc. v. Video System Co., Ltd.,* 2000 WL 251731 at *6 (N.D.Tex.2000)); See *Nuovo Pignone SPA,* supra, 167 F.Supp.2d. at 914 ("[t]his conclusion is in harmony with the Convention's overall purpose of creating service abroad"); *Lafarge Corp.,* supra, 2000 WL at 687708 *11 ("this conclusion is warranted by both the broad spirit and overall purpose of the Convention").

8. Hague Conference on Private International Law: Special Commission Report on the Operation of the Hague Service Convention and the Hague Evidence Convention, 28 I.L.M. 1556, 1561 (1989). *Brown,* supra, 2002 WL 1285265 at *5; See *Nuovo Pignone SPA,* supra, 167 F.Supp.2d. at 915 ("there is no evidence that Italy has expressly prohibited service by mail"); *Lafarge Corp.,* supra, 2000 WL at 687708 *11 ("where the receiving country ratified the Hague Convention without express prohibition of service by mail, service by mail pursuant to Article 10(a) is proper").

the use of methods of transmission pursuant to articles 8 and 10." It is also important to note that this case involves service of process on companies located in France, and France has not rejected Article 10(a).

After considering the legal authorities set forth above, this Court finds that the plaintiff's service of process under Article 10(a) of the Hague Convention is proper under the facts of this case. Furthermore, not only did the service comply with the intent and purpose of the Hague Convention, defendants will not suffer any prejudice from the method and manner in which each was served.

Therefore:

IT IS ORDERED that the Motions of ATOFINA S.A. and Elf Atochem S.A. shall be Denied.